**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-5033**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

BUM GU KIM, a/k/a Jack,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:07-cr-00395-CCB-2)

———————————

Submitted: February 10, 2011     Decided: February 16, 2011

———————————

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David W. Lease, SMITH, LEASE AND GOLDSTEIN, LLC, Rockville, Maryland, for Appellant. James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bum Gu Kim appeals from his convictions and 120-month sentence imposed after pleading guilty to one count of conspiracy to distribute and possess MDMA, also known as Ecstasy, and one count of conspiracy to launder money. Kim's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issues of whether Kim's guilty plea was voluntary, whether trial counsel was ineffective by advising Kim to plead guilty, whether the district court properly determined the quantity of drugs attributable to Kim, and whether the sentence should be vacated because the plea agreement provided that the Government would move for a third level of reduction for acceptance of responsibility and it failed to do so. Kim has filed a pro se supplemental brief. The Government elected not to file a brief. Finding no error, we affirm.

Kim argues that his guilty plea may have been involuntary because, at one point during the Fed. R. Crim. P. 11 hearing, he stated that he did not entirely agree with the stipulated drug amount. How the Government determined the amount was explained to Kim and he affirmed that he understood reasonable foreseeability related to the conspiracy. A guilty plea is constitutionally valid if it "represents a voluntary and

2

intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). This court evaluates a guilty plea based on the "the totality of the circumstances" surrounding the guilty plea. United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir 2010). Kim did not move to withdraw his guilty plea and this court therefore reviews the adequacy of the plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Vonn, 535 U.S. 55, 58-59 (2002) (holding defendant who lets Rule 11 error pass without objection in the district court must satisfy the plain-error test); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). The court properly conducted the Rule 11 hearing and the record reveals that Kim's plea was knowing and voluntary. There is no ineffective assistance of counsel conclusively appearing on the record, thus Kim's issue related to ineffective assistance related to the plea is not ripe for review. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (claims of ineffective assistance of counsel generally are not cognizable on direct appeal).

Kim contends that the Government failed to meet its burden of proof in establishing the amount of MDMA attributable to him. We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Randall, 171 F.3d

3

195, 210 (4th Cir. 1999). Kim's claim is without support. The quantity was properly based on seized drugs, telephone intercepts discussing distribution transactions, and ledgers found in Kim's home detailing sales. Accordingly, Kim has failed to show clear error by the district court.

Finally, the sentence need not be vacated because the Government did not move for a third level of reduction for acceptance of responsibility. Although the plea agreement stated that the Government would recommend a third point, it was not required to do so if Kim failed to admit all stipulated facts, gave conflicting statements about the offense, or denied involvement in the offense as charged. The Government was not bound to move for the third point because Kim requested and was granted a hearing on drug quantity after he stipulated to an amount in the plea agreement and at the guilty plea hearing. At the quantity hearing he challenged whether he was involved with the quantity of MDMA to which he pleaded guilty.

Kim filed a pro se supplemental brief challenging the decisions the district court made at the quantity hearing regarding wire taps, prosecutorial misconduct, and drug quantity, that he was improperly being held responsible for the actions of others in the conspiracy, and raising the Government's failure to move for a third level of reduction for acceptance of responsibility. In accordance with Anders, we

4

have reviewed these issues and the record in this case and have found no meritorious issues for appeal. We therefore affirm Kim's convictions and sentence. This court requires that counsel inform Kim, in writing, of the right to petition the Supreme Court of the United States for further review. If Kim requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED